UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

MICHAEL SCOTT

    Defendant.

CR: 06-254

Criminal No. 1:06-MJ-349

**DETENTION MEMORANDUM**

  The Defendants, Michael Scott and Benjamin Fears, have been charged by criminal complaint with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing which was held on August 8, 2006. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

  Metropolitan Police Department Officer Eric Roche testified at the detention hearing that he was driving his patrol car north on B Street, S.E. around 2:10 a.m. on August 8, 2006, when a black Hyundai Sonata passed him going in the opposite direction at about 70 miles per hour.

- 1 -

The Hyundai swerved onto the exit to North Capitol Street and skidded against the curb, at which point Officer Roche turned his patrol car around to pursue it. The car stopped and Officer Roche left his vehicle and approached the driver's side. He asked Defendant Michael Scott for his license. Mr. Scott produced a credit card for identification, but stated that he did not have his driver's license with him. Officer Roche asked Mr. Scott to step out of the car and placed him under arrest for driving without a license.

At that time, the passenger, Benjamin Fears,[1] was also asked to leave the vehicle and the car was searched. A rental agreement inside the car indicated that the car was rented to Mr. Scott. There was also mail material in the center console addressed to the Defendant. During the search, Officer Roche slipped his hand into a space under the center console of the car and felt something that he believed to be a handgun. When he removed the handgun (a .45 caliber semi-automatic Taurus handgun loaded with eleven rounds of ammunition), a plastic bag containing a large rock of a white substance also fell out. This substance weighed at 133 grams and later tested positive for cocaine. Officer Roche stated that this amount was consistent with distribution rather than personal use. After the handgun and the cocaine were found, the central console was removed and police discovered 93 ziplock bags of a brown substance which later tested positive for heroin. Police took both men into custody and discovered that Mr. Scott was carrying $1788.71 in cash and Mr. Fears was carrying $939. Mr. Fears also had six ziplock bags of cocaine hidden in his shoes when he was taken into custody.

At the close of the hearing, the Court found probable cause to believe that Mr. Scott

---

[1] Mr. Fears also appeared at the detention hearing as a defendant in this case. As he has no prior record, Mr. Fears was released to a halfway house on the condition that he continue attending summer classes at Anacostia Senior High School and comply with the rule of the halfway house.

committed an offense in violation of 21 U.S.C. § 841(a)(1).

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant was arrested while driving a car which contained 133 grams of cocaine and 93 bags of a brown substance containing heroin as well as a loaded .45 caliber semi-automatic handgun. The amount of the substances present in the car as well as the amount of cash found on the persons of Mr. Scott and Mr. Fears suggest the intent to distribute the drugs rather than to retain them for private use. This is a particularly serious offense.

The second factor, the weight of the evidence, also favors detention. The drugs, the handgun, and the large amounts of cash were found in a car rented to Mr. Scott. The car also contained mail material addressed to Mr. Scott.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. At the time of his arrest, Mr. Scott was on release pending trial for charges of possession with intent to distribute of cocaine and marijuana, as well as misdemeanor possession of heroin. Mr. Scott is currently unemployed.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Mr. Scott was driving a rented car with a large amount of illegal drugs and a loaded weapon. There were indications that he intended to distribute these narcotics, which add to the danger the Defendant poses to the community.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the

Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: August _11_, 2006                                          _____/s/_____
                                                                                    ALAN KAY
                                                                                    UNITED STATES MAGISTRATE JUDGE