UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** } | |
| } | |
| v. } | Crim. No. 06-254-01 (GK) |
| } | Judge Gladys Kessler |
| **MICHAEL LEE SCOTT** } | |
| _____ } | |

**DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

   COMES NOW the defendant, Michael Lee Scott, through undersigned counsel, pursuant to Rules 12(b)(3)(C) and 41(g) and (h) of the Federal Rules of Criminal Procedure, and the Fourth Amendment to the United States Constitution, and respectfully moves this Court to Suppress all tangible evidence which allegedly was seized by officers of the Metropolitan Police Department from his person and rental automobile incident to a traffic stop at B Street and East Capitol Streets, S. E., in the District of Columbia, on August 2, 2006, at approximately 2:10 a.m.

   **I. Summary of Arguable Facts**

   1. Defendant specifically moves the Court to suppress several plastic bags containing suspected cocaine and heroin, and a Taurus .45 caliber pistol which was recovered by the police from underneath the base of the center console of the rental vehicle. In addition defendant Scott seeks an Court order requiring the Metropolitan Police Property Clerk to return $1,788.71 which was seized following a search of his person incident to his arrest.

   2. Suppression is warranted in this case because the search of the rental vehicle operated by Mr. Scott exceeded the scope of a search incident to arrest, or an inventory search or a protective sweep search under the "automobile exception" to the Fourth Amendment, and was not otherwise

- 2 -

justified by a particularized objective basis or suspicion to justify the search. ***See, United States v. Edwards, 424 F.3d 1106 (D.C. Cir. 2005); accord, United States v. McCoy, no. 05-1096, 2005 WL 2850962 (1st Cir. Nov. 1, 2005).*** The police commence the search of the defendant's vehicle after having allegedly observed the vehicle being operate in excess of the speed limit. The police (Officer Roche) executed the stop of the vehicle and requested driver license and registration from Mr. Scott, the driver. Co-defendant Benjamin Fears, the passenger was ordered from the vehicle for the officer's safety as well. Mr. Scott stated that he did not have his driver license with him, and was then place under arrest for operating without a permit.

    3. On August 8, 2006, Officer's Roche testimony at defendant's preliminary/detention hearing before Magistrate Judge Kay did not establish a plain view justification for the warrantless search in this case. Mr. Scott contends that all credible evidence at a hearing on this motion will show that all of the contraband with which he is charged to have possessed was concealed in a fashion such that it was only discoverable after a disassembling of the center console of the rental vehicle. Officer Roche did not testify to seeing or smelling any to suggest the presence of contraband. Officer Roche did testify that he reach beneath the console and felt the side of a metal object which he believed to be a weapon, but the defendant contends that the ensuing dismantling of his vehicle exceeded the scope of any objective information, facts and circumstances, which the officer's possessed to warrant the degree of intrusion. The evidence seized in this case are the fruits of an unlawful search and seizure unsupported by probable cause which must be suppressed. ***Wong Sun v. United States, 371 U.S. 471 (1963); Whren V. United States***, ***116 S.Ct. 1769 (1996); Maryland v. Wilson 117 S.Ct. 882 (1997); California v. Acevedo***, ***111 S.Ct. 1982 (1991).***

- 3 -

4. Second, defendant did not grant consent to search his vehicle. ***Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973)***.

5. Third, any inculpatory statements which the police suggest were made by the defendant at the scene of his arrest were involuntary since they were coerced by actual physical abuse and threats of further violence by the police during an interrogation process which violated the standards outlined in ***Miranda v. Arizona, 384 U.S. 436, 444, 471 (1966)***.

In support of his motion, defendant relies upon the following Memorandum of Points and Authorities.

### II. Memorandum of Points and Authorities

A. The warrantless search and seizure of defendant and his van lacked probable cause.

6. <u>Argument</u>: The Fourth Amendment forbids unreasonable searches and seizures. ***See, Reed v. Georgia*, 448 U.S. 438, 440 (1980)**. A search without a warrant is <u>per se</u> unreasonable. As the Supreme Court Stated in ***Coolidge v. New Hampshire*, 403 U.S. 443, at 454 (1971)**:

> "Thus the most basic constitutional rule in this area is that searches conducted outside the judicial process, without prior approval by judge or magistrate are <u>per se</u> unreasonable under the Fourth Amendment - subject only to a few specifically established and well-delineated exceptions. (citing, <u>Katz v. United States</u>, 389 U.S. 347, 357 (1967)."

7. The government bears a heavy burden when it attempts to justify a warrantless search or seizure. ***See, Malcolm v. United States, 332 A.2d 917, 918-919 (D.C. 1975)***; ***Welsh v. Wisconsin, 466 U.S. 740 (1984)***. When an exception from the warrant requirement is claimed, "the burden is on those seeking the exemption to show the need for it." <u>***Coolidge v. New Hampshire***</u>, ***supra, at 455, citing United States v. Jeffers, 342 U.S. 48, 51 (1951), affirming 88 U.S. App. D.C. 58, 187 F.2d 498 (1950)***.

- 4 -

8. A Fourth Amendment "seizure of the person" occurred when the police with their weapons drawn ordered Mr. Maddux to get out of his van and submit to a *Terry* frisk. Under the totality of the circumstances, it was reasonable for defendant to conclude he was not free to leave. *United States v. Mendenhall, 446 U.S. 544 (1980*) [A seizure occurs when a reasonable person in suspect's position would not have felt free to leave]. *United States v. Most, 867 F.2d 191, (D.C.Cir. 1989); Florida v. Bostick, 111 S.Ct. 2382, 2386 (l99l)* [Seizure occurs when "a reasonable person would not feel free to disregard the police and go about his business.

**III) <u>The search here is not sustainable under the automobile exception to the search warrant rule.</u>**

9. Defendant concedes that under the "automobile exception" a warrantless search of a car does not offend the Fourth Amendment where the government can show either: a valid search incident to arrest; a limited protective sweep search pursuant to a valid *Terry* stop; a "plain view" or "consent" search; or , a search justified by probable cause, i. e., before the police began the search, the possessed objective facts that would have justified the issuance of a warrant. *See, California v. Acevedo, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991)*. (Police, in a search extending only to a container within an automobile, may search the container without a warrant where they have probable cause to believe that the container holds contraband or evidence.) However, the police must possess a particularized suspicion with respect to the container as a place of concealment of contraband or evidence. Defendant Scott contends that the search in exceed that scope of container searches authorized by *Acevedo, supra,* in that the search at question, herein, involved contraband secreted in an area of the vehicle which is not a readily accessible container or compartment.

- 5 -

10.  The Supreme Court, in upholding a decision of the D.C. Circuit Court of Appeals, has determined that the police may stop an automobile for a minor traffic violations even where there is evidence of a pretextual motive to conduct a search, as long as the circumstances, when viewed objectively, justify their actions.  ***Whren v. United States, 116 S.Ct. 1769 (1996), cf.,affirming, 53 F.3d 371, (D.C.Cir. 1995).***  However, if objective considerations indicate that a reasonable officer would not have possessed a basis for a lawful stop, then, any subsequent arrest or seizure or evidence should be suppressed as violative of the Fourth Amendment.  ***See, United States v. Miller, 821 F.2d 546, 549.***   Defendant respectfully submits that the police violated defendant's Fourth Amendment rights by searching and seizing his automobile without articulable suspicion or probable cause.

IV)  <u>The defendant neither abandoned his car, nor validly consented to the search of the car.</u>

11.  Any appearance of consent by the defendant was a mere acquiesce to show of authority by the officers who unlawfully stopped and detained him.  ***Schneckloth v. Bustamonte, 412 U.S. 218; Bumpers v. North Carolina, 391 U.S. 543 (1968) Hoover v. Estelle, 409 U.S. 1086 (1972); Florida v. Royer, 460 U.S. 491 (1983).*** *[*"Where the validity of a search rests on consent, the State has the burden of proving that the necessary consent was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority."]   Moreover, threats and physical abuse by law enforcement officers raises the government's burden of demonstrating that any asserted consent was freely given.  ***United States v. Judd 190 F.2d 649 (D.C.Cir. 1951)*** ( Based on all the circumstances surrounding the search it must be demonstrated that there was no duress or coercion, actual or implied) ***See also, In re J.M., 619 A.2d 497, 503 (D.C.App. 1992) (en banc).***

- 6 -

Accordingly, any consent defendant gave was the tainted fruits of an illegal seizure and all evidence derived therefrom should be suppressed by the Court.  Unless and until the government can meet its burden of showing justification in law for the warrantless seizures in this case, the evidence seized must be viewed as fruits of an unlawful seizure.  ***Wong Sun v. United States, 371 U.S. 471 (1963).***

12.  Finally, a search "is not made legal by what it turns up.  In law it is good or bad when it starts and does not change character from its success."  ***United States v. DiRe, 332 U.S. 581, 595 (1948), quoted in, Bailey v. United States, 389 F.2d 305, 308 (D.C.Cir. 1967) accord, Henry v. United States, 361 U.S. 98, 104 (1959).***

WHEREFORE, for the above reasons, and any additional reasons adduced at a hearing on this matter, Defendant respectfully moves this Court to suppress all tangible evidence seized by the police from the defendant's person and automobile as fruits of an unlawful stop, search and seizure.  ***Wong Sun v. United States, 371 U.S. 471 (1963***), prohibit their use for any purpose in this case.

Defendant respectfully requests a hearing on this motion.


    Respectfully submitted,

    _____
    James W. Rudasill (Bar # 318113)
    717 D Street, NW  Suite 310
    Washington, DC  20004
    (202) 783-7908
    Counsel for Michael Scott


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served, by electronic mail, upon, Donnell Turner, Esquire, Assistant U.S. Attorney, Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530, and Rita Bosworth, Esquire, Assistant Federal Public Defender, 625 Indiana Avenue, NW, Washington, DC, 20004, this  22nd  day of September, 2006.

- 7 -

_____
James W. Rudasill

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA** }
                                 }
        v.                     }    Crim. No. 06-254-01 (GK)
                                 }    Judge Gladys Kessler
**MICHAEL LEE SCOTT** }
_____ }

### ORDER

UPON CONSIDERATION of Defendant's Motion To Suppress Tangible Evidence and, any Government opposition thereto, and the entire record in this case, it is this ___ day of _____2006,

ORDERED that Defendant's Motion To Suppress Tangible Evidence is hereby GRANTED.

                                                        **GLADYS KESSLER**
                                                        **United States District Judge**

Copies to:

James W. Rudasill, Esq.
717 D. Street, N.W.
Suite 310
Washington, D.C. 20004

Donnell Turner, Assistant U.S. Attorney
Office of the United States Attorney
555 Fourth St., N.W., 4th Floor
Washington, D.C. 2020530