UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  06-254 (GK) |
| | : | |
| MICHAEL LEE SCOTT | : | |
| | : | |
| Defendant. | : | |
| | : | |

### UNITED STATES' MOTION TO ADMIT OTHER CRIMES
### EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct, all of which is relevant to prove defendant's intent, knowledge, motive, plan, preparation, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") .  In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

### Factual Summary

1. The defendant is charged in a four-count indictment with the following crimes: Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).[1]

---

[1] Defendant is charged with just three counts in this four-count indictment.  In the fourth count, his co-defendant, Benjamin Fears, is charged with Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a).

2.      At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows:  On August 2, 2006, at approximately 2:10 a.m., several members of the Metropolitan Police Department, traveling in marked police cruisers, had just cleared a call and were driving northbound in the unit block of B Street, S.E., when they observed a black Hyundai Sonata, bearing Virginia tags, make a right turn from East Capitol Street onto southbound B Street.  The car was traveling at an estimated speed of 70 mph, while the speed limit on East Capitol Street was just 35 mph.  Furthermore, because the driver of the vehicle tried to negotiate the turn at such a high rate of speed, the vehicle fish-tailed and struck a curb on B Street.  Having observed the reckless manner in which the driver operated the vehicle, officers traveling in two patrol cars made immediate U-turns, activated their cruisers' emergency equipment, and effectuated a traffic stop on the driver of the vehicle as he waited at a traffic light.  Just two people were in the car, defendant Michael Scott, who was seated in the driver's seat, and co-defendant Benjamin Fears, who was seated in the front passenger seat.  Metropolitan Police Officer Eric Roche exited his cruiser and approached the driver's side of the car, and Officer Marvin Watkins approached the passenger side.  When Officer Roche arrived at the driver's door, defendant Scott had his hand extended out the window and was holding a credit card.  Roche informed Scott that he had stopped him for driving at 70 mph, and Scott replied that he thought he had been traveling only 60 mph.  Officer Roche then requested Scott's driver's permit, but Scott failed to produce it and stated that he did not have it with him.  Scott was asked by Officer Roche whether he had any other photo identification on him, and defendant responded that the only identification he had with him was his credit card.

As a result of Scott's failure to produce a driver's permit and to otherwise verify his identity, he was placed under arrest by Officer Roche for driving without a permit. Incident to his arrest, Officer Roche searched defendant and recovered $1,788.71 from his person. In addition, Roche began searching the passenger compartment of the vehicle, which apparently had been rented by Scott from a car rental company several days prior. While searching the center console area of the vehicle, Roche reached underneath the base of the console and directed his hand upward toward the gearshift. Immediately, he felt what he believed to be a pistol. When Roche withdrew his hand from underneath the base of the console, a plastic bag containing a large chunk of suspected cocaine base, or "crack," fell out of the console area. Officer Roche then loosened a screw on the side panel of the console.[2] Inside the console Roche found a loaded Taurus brand .45 caliber semi-automatic pistol, with serial number NXL435552; a plastic sandwich bag containing an additional large quantity of suspected crack cocaine, and two more plastic sandwich bags containing ninety-three (93) black/clear small zips of suspected heroin. The pistol was loaded with eleven .45 caliber cartridges. Upon learning that Officer Roche had found drugs and a gun in the car, defendant Scott blurted that the items did not belong to him and that the car was a "rental."

### Argument

3.     The government seeks to introduce evidence of defendant's recent drug arrest, for which he was subsequently indicted for Possession With Intent to Distribute ("PWID") Cocaine, PWID Marijuana, and Possession of Heroin, pursuant to Rule 404(b).

---

[2]  Inadvertently, while trying to remove the panel, Officer Roche broke off a piece of plastic from the console base.

3

4.     Regarding the defendant's prior misconduct, the government intends to introduce evidence of the underlying facts and circumstances related to the following incident: On April 10, 2006, at approximately 8:15 p.m., at 1022 M Street, S.E., defendant was observed operating a silver 2000 Mercedes Benz bearing Maryland registration plates. The car was not registered to defendant. The vehicle's windows appeared to be tinted in violation of Maryland's traffic regulations. Police therefore conducted a traffic stop in the 1000 block of M Street, S.E. Upon making contact with defendant, who was the sole occupant of the vehicle, police immediately smelled the strong odor of marijuana emanating from the car. Defendant was then told about the smell and was asked whether he had been smoking marijuana, and he admitted that he had been smoking marijuana earlier that day. Consequently, defendant was asked to exit the vehicle. When he opened the door, an officer observed in plain view two small ziplocks containing suspected heroin, located between the front driver's side door and the door kick plate. Also observed in plain view was a plastic baggie containing approximately five grams of suspected crack cocaine, which was located in the front driver's side door map compartment. Defendant was thereupon placed under arrest for possession of drugs. A search of the vehicle incident to his arrest revealed three small ziplocks containing suspected heroin, which was also found in the front driver's side door map compartment; a plastic bag containing approximately two grams of suspected crack, located in the front passenger's side door map compartment; and a large ziplock bag containing approximately 220 grams of suspected marijuana, which was found behind the driver's seat. In addition, in defendant's right front pants pocket police found $327 U.S. currency, and in his left pocket was another $2,045 U.S. currency. Also, although the vehicle was not registered to defendant, police found inside the car mail matter belonging to defendant,

along with a notice of infraction that had been issued to defendant on a previous occasion when defendant was driving the same vehicle. Finally, police recovered two cell phones inside the vehicle.[3]

5.  Under Rule 404(b), the aforementioned drug-related arrest provides proof in this case that defendant's possession of cocaine on August 2, 2006, was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.[4]  It also provides proof of motive, intent, plan and preparation to distribute the narcotics found in his car, be it for profit or otherwise, since it is reasonable that one engaged in the endeavor of the distribution of narcotics would possess such a wide variety of narcotics, i.e., cocaine, heroin, and marijuana, at a given time, and would possess such a large amount of U.S. currency in conjunction therewith.

6.  Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929.  As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's

---

[3] All of the suspected controlled substances were later analyzed by a chemist employed with the Drug Enforcement Administration. The results were that the substances were in fact cocaine, heroin, and marijuana.

[4] The Government will provide discovery to defense counsel regarding the aforementioned convictions.

actions conformed to his character.  <u>United States v. Crowder</u>, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) (<u>Crowder II</u>).  In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility."  <u>Id</u>. at 1202.  As the Court stated in <u>United States v. Cassell</u>, 292 F.3d 788, 795 (D.C. Cir. 2002), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule 404(b), '<u>any</u> purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered <u>solely</u> to prove character.'"  (citing <u>United States v. Miller</u>, 895 F.2d 1431, 1436 (D.C. Cir. 1990)) (emphasis in original)

       7.      Such evidence is of course subject like all evidence to the strictures of Rule 403.  Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.  <u>United States v. Moore</u>, 732 F.2d 983, 987 (D.C. Cir. 1984).

       8.      As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved.  <u>Moore</u>, 732 F.2d at 989.  See <u>Huddleston v. United States</u>, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[5]

---

[5] As for the burden that must be met in presenting other crimes evidence, the Court is <u>not</u> required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court <u>neither</u> weighs credibility <u>nor</u>
                                                                  (continued...)

9.      In the instant case, the government must prove that the defendant knowingly and intentionally possessed the narcotics, the gun and the ammunition that were ultimately recovered from his vehicle. Furthermore, with respect to the controlled substance charges, the government must show that the defendant knowingly possessed the drugs in this case, <u>i.e.</u> that he "did so knowingly and intentionally. This means consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently." <u>See</u> Criminal Jury Instructions (the "Red Book"), Instruction 4.28. The jury will be instructed that "[m]ere presence near something or mere knowledge of its location is not enough to show possession." Red Book, Instruction 3.08. The jury will further be instructed that the government must prove the defendant's specific state of mind with respect to these drugs, that is, that he intended to <u>possess</u> them. Red Book, Instruction 4.28. Moreover, the jury will be instructed that the government must prove that when the defendant possessed the controlled substance, he had the specific intent to distribute it, and that "distribute" means to transfer or attempt to transfer to another person. Red Book, Instruction 4.29. Therefore, the government's burden of proving intentional possession, intent to distribute, and lack of mistake or accident, is substantial. Each of these elements is directly addressed by the proffered evidence.

10.     "As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, <u>especially when that issue involves the actor's</u>

---

[5]/(...continued)
makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." <u>Huddleston</u>, 485 U.S. 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." <u>Id</u>. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. <u>Ibid</u>.

state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." United States v. Clarke, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing Huddleston, 485 U.S. at 685) (emphasis added in Clarke). Indeed, the Rule 404(b) evidence the government seeks to admit at trial, i.e., prior possession to prove knowledge, intent, and absence of mistake regarding current possession, is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past. For example, in Crowder II, 141 F.3d at 1202, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive. The Court in Crowder II stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth. Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" -- thus may be a "brick" in the "wall" of evidence needed to prove possession. See Fed.R.Evid. 401, advisory committee notes.

Id. at 1209 n. 5. The government seeks to do nothing more in the instant case – i.e., to show the defendant's intent, knowledge, motive, plan, opportunity and absence of mistake with respect to the drugs and gun he possessed. Id.

11. All of the "other crimes" evidence described above is highly probative of the defendant's knowing and intentional possession of the drugs, gun, and ammunition in this case. Moreover, this evidence is also probative in showing that the defendant's possession of the drugs, gun, and ammunition were not the result of mistake or accident. The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

12.    Numerous cases in this Circuit demonstrate that evidence of a prior or subsequent possession of drugs or firearms is admissible as 404(b) evidence. See, Cassell, 292 F.3d at 793 ("We have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged'") (citation omitted). In United States v. Garner, 396 F.3d 438, 443 (D.C. Cir. 2005), the Court of Appeals reiterated that the admission of Rule 404(b) evidence is appropriate where the charged offense is based on a theory of constructive possession, particularly, as in this case, "where the contraband is discovered in a place occupied by more than one person." (citing United States v. Jenkins, 981 F.2d 1283 (D.C. Cir. 1991)). The facts of Garner are worth some discussion. There, like this case, the officers stopped a vehicle occupied by two individuals. The officers approached the car and ordered its occupants to raise their hands. The driver complied but Garner, the passenger, did not; rather, he sat staring straight ahead and smoking a cigarette, while he kept his left hand in his waistband. Id. at 439. At one point, Garner was observed by one officer removing a large handgun from his waistband and placing it under the passenger seat. Both defendants were removed from the vehicle and the car was subsequently searched. Underneath the front passenger seat police found a semi-automatic handgun. Id. On the gun were found three latent fingerprints, only one of which was useful, and it was matched to the driver's fingerprint. Id. at 439-440. Notwithstanding, Garner, among other charges, was charged as a felon-in-possession of a firearm. Proceeding with the theory that a jury could have concluded that Garner constructively possessed the gun recovered under his seat, the government introduced evidence that Garner previously was found in the front passenger seat of a car with a handgun under his

seat and a matching ammunition clip in his jacket. Id. at 444. In upholding the introduction of evidence concerning Garner's prior conviction for carrying a pistol without a license, the Court of Appeals reasoned that the testimony "made it more likely that Garner was in knowing possession of the loaded gun found beneath his seat[,] just as in Crowder II[,] evidence that the appellant had previously sold cocaine base made it more probable that he knowingly possessed and intended to distribute the cocaine base found in the brown paper bag he discarded while running from police officers." Id., at 444 (citations omitted). See also, Cassell, 292 F.3d at 796 (the fact that defendant previously possessed weapons "tends to make it less probable that the weapons recovered from his bedroom were there without his knowledge, without intent, or by accident or mistake") (citing United States v. Brown, 16 F.3d 423, 432 (D.C. Cir.)), cert. denied, 513 U.S. 900 (1994); Bowie, 232 F.3d at 930 (evidence that defendant "possessed and passed counterfeit notes on a prior occasion" relevant because "it decreased the likelihood that [he] accidentally or innocently possessed the counterfeit notes"). United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.) (evidence of defendant's other possession of crack admissible in trial charging aiding and abetting distribution of crack), cert. denied, 522 U.S. 940 (1997); Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992) (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was

admissible to demonstrate intent, knowledge, plan and absence of mistake), cert. denied, 507 U.S. 922 (1993); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); and United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995).

14.     Likewise, in the instant case, the gun and drugs were found in a vehicle occupied by two individuals, neither of whom were in actual, physical possession of the contraband. Evidence of the defendant's prior drug arrest should be admitted, therefore, to prove that the defendant's possession was knowing and intentional, and not simply the product of any mistake or accident.  Furthermore, the prior misconduct should be admitted to prove that the defendant intended to distribute cocaine recovered during the search.  See Crowder II, 141 F.3d at 1209 (finding that it was more probable with the evidence of defendant's subsequent arrest for distribution of crack cocaine than without it that defendant intended to distribute the crack cocaine in the brown paper bag that he discarded while running from the police; further, it was more probable with the evidence than without it that defendant knowingly possessed the crack cocaine recovered from the brown paper bag).  Because the proffered evidence of a previous crime bears such a close relationship to the offenses charged here, its admission will clearly demonstrate, among other things, the defendant's specific motive, knowledge, and intent, and the absence of mistake or accident.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By: _____
Donnell W. Turner
Assistant United States Attorney
Maryland Bar
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4235
Washington, D.C. 20530
(202) 305-1419

**Certificate of Service**

I hereby certify that a copy of the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), was served by first class mail upon counsel of record for the defendant, James W. Rudisill, Jr., at 717 D Street, N.W., Suite 310, Washington, D.C. 20004, and counsel of record for the co-defendant, Rita Bosworth, Esq., at 625 Indiana Ave., N.W., Suite 550, Washington, D.C. 20004, this 6th day of October, 2006.

_____
Donnell W. Turner
Assistant United States Attorney