UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 06-254 (GK) |
| : | |
| MICHAEL LEE SCOTT, : | |
| : | |
| Defendant. : | |
| : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion to Suppress Tangible Evidence. In support of its opposition, the Government relies on the following points and authorities and such other points and authorities that may be cited at a hearing on the motion.

### FACTUAL BACKGROUND

On August 2, 2006, at approximately 2:10 a.m., several members of the Metropolitan Police Department, traveling in marked police cruisers, had just cleared a call and were driving northbound in the unit block of B Street, S.E., when they observed a black Hyundai Sonata, bearing Virginia tags, make a right turn from East Capitol Street onto southbound B Street. The car was traveling at an estimated speed of 70 mph, while the speed limit on East Capitol Street was just 35 mph. Furthermore, because the driver of the vehicle tried to negotiate the turn at such a high rate of speed, the vehicle fish-tailed and struck a curb on B Street. Having observed the reckless manner in which the driver operated the vehicle, officers traveling in two patrol cars made immediate U-turns, activated their cruisers' emergency equipment, and effectuated a traffic stop on the driver of the vehicle as he waited at a traffic light. Just two people were in the car, defendant Michael Scott, who

was seated in the driver's seat, and co-defendant Benjamin Fears, who was seated in the front passenger seat. Metropolitan Police Officer Eric Roche exited his cruiser and approached the driver's side of the car, and Officer Marvin Watkins approached the passenger side. When Officer Roche arrived at the driver's door, defendant Scott had his hand extended out the window and was holding a credit card. Roche informed Scott that he had stopped him for driving at 70 mph, and Scott replied that he thought he had been traveling only 60 mph. Officer Roche then requested Scott's driver's permit, but Scott failed to produce it and stated that he did not have it with him. Scott was asked by Officer Roche whether he had any other photo identification on him, and defendant responded that the only identification he had with him was his credit card.

As a result of Scott's failure to produce a driver's permit and to otherwise verify his identity, he was placed under arrest by Officer Roche for driving without a permit. Incident to his arrest, Officer Roche searched defendant and recovered $1,788.71 from his person. In addition, Roche began searching the passenger compartment of the vehicle, which apparently had been rented by Scott from a car rental company several days prior. While searching the center console area of the vehicle, Roche reached underneath the base of the console and directed his hand upward toward the gearshift. Immediately, he felt what he believed to be a pistol. When Roche withdrew his hand from underneath the base of the console, a plastic bag containing a large chunk of suspected cocaine base, or "crack," fell out of the console area. Officer Roche then loosened a screw on the side panel of the console.[1] Inside the console Roche found a loaded Taurus brand .45 caliber semi-automatic pistol, with serial number NXL435552; a plastic sandwich bag containing an additional large quantity of

---

[1] Inadvertently, while trying to remove the panel, Officer Roche broke off a piece of plastic from the console base.

suspected crack cocaine, and two more plastic sandwich bags containing ninety-three (93) black/clear small zips of suspected heroin. The pistol was loaded with eleven .45 caliber cartridges. Upon learning that Officer Roche had found drugs and a gun in the car, defendant Scott blurted that the items did not belong to him and that the car was a "rental."

Defendant Scott now moves to suppress all of the tangible evidence in this case. Defendant's contention is devoid of merit.

## ARGUMENT

**I.      Defendant's stop and subsequent arrest were lawful.**

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 810 (1996); see also, Pennsylvania v. Mimms, 434 U.S. 106, 109 (1977) ("there is no question about the propriety of" stopping a car for a traffic violation); United States v. Harrison, 103 F.3d 986, 989 (D.C. Cir. 1997) (fact that officer observed defendant's car swerve within the traffic lane provided the articulable suspicion necessary for a traffic stop); United States v. Montgomery, 561 F.2d 875, 879 (D.C. Cir. 1977) ("The police may stop and question the driver of a vehicle when an infraction of the motor vehicle code is seen or suspected.").

In the instant case, Officer Roche observed defendant commit a series of traffic violations when he observed defendant speeding and driving recklessly as he attempted to negotiate a turn. See 50 D.C. Code §§ 2201.04(a) (speeding) and 2201.04(b) (reckless driving). Further investigation by Officer Roche, following the stop, revealed that defendant was unable to produce an operator's permit. Consequently, defendant's subsequent arrest, either for having no permit, or for failure to produce a permit when requested to do so, was justified. See 50 D.C. Code § 1401.01(c); see also,

23 D.C. Code § 581(a)(1)(B) ("officer may arrest, without a warrant . . . a person who he has probable cause to believe has committed or is committing an offense in his presence."). See, e.g., Banks v. United States, 287 A.2d 85 (D.C. 1972) (defendant properly arrested for failure to have driver's permit in his possession); Taylor v. United States, 259 A.2d 835 (D.C. 1969) (same).[2]

## II. The search of Defendant Scott's person was a proper search incident to his lawful arrest.

After making a valid arrest, police may make a full search of the arrestee as well as the area under the arrestee's personal control at the time of arrest. Chimel v. California, 395 U.S. 752, 763 (1969). Furthermore, once a police officer "has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident to that arrest, search the passenger compartment of that automobile." New York v. Belton, 453 U.S. 454, 460 (1981) (footnotes omitted); see also, Thorton v. United States, 541 U.S. 615, 623 (2004) ("Once an officer determines that there is probable cause to make an arrest, it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment."); Knowles v. Iowa, 525 U.S. 113, 117, 118 (when there is a custodial arrest, police may conduct a full search of the passenger compartment of a car in order "to search for weapons and protect themselves from danger.") (citing Belton, 453 U.S. at 460); Michigan v. Long, 463 U.S. 1032, 1049 n.14 (1983) ("Belton clearly authorizes [an automobile] search whenever officers effect a custodial arrest.");

In the instant case, as discussed above, Officer Roche had probable cause to arrest defendant, as he was unable to produce an operating permit upon request. The officer thus was entitled to arrest

---

[2] Indeed, defendant does not challenge the initial stop of his car, nor his subsequent arrest. Rather, he contends that the officers' search of the vehicle "exceeded the scope of a search incident to arrest . . . ."

defendant and, incident to that arrest, to search both his person, where money was recovered, and the entire passenger compartment of the car, where the gun and drugs were ultimately found. Police thus recovered this contraband as part of a lawful search of defendant and the vehicle.

Defendant does not appear to challenge the initial stop of the vehicle car, nor his subsequent arrest. Rather, among an assortment of assertions, the gravamen of his motion is that the search of the vehicle "exceeded the scope of a search incident to arrest. . . ." See Defendant's Motion to Suppress, at page 2, 4. In support of his claim, defendant relies upon California v. Acevedo, 500 U.S. 565 (1991). Defendant's reliance upon Acevedo, however, is clearly misplaced. Indeed, Acevedo involved probable cause by that a package located within a car contained contraband or evidence. The Supreme Court ultimately held that the mere fact that police have probable cause to believe that a package within a car contains contraband or evidence does not justify the search of the entire vehicle. Acevedo, 500 U.S. at 580. Belton and its progeny, however, place no such limitation on the scope of the search that police may conduct incident to the custodial arrest of an occupant of an automobile. Nor does Belton's bright-line holding suggest, as defendant argues, that any areas within the passenger compartment are not subject to a search incident to the arrest of such an occupant. See Defendant's Motion to Suppress, at page 4. To the contrary, the law is clear that police may search "the entire passenger compartment" of a vehicle, in order to "allow officers to ensure their safety and to preserve evidence." Thornton, 541 U.S. at 623. Thus, the fact that police in this case located the contraband within an area of the passenger compartment where items were secreted, does not render the search of that area prohibitive as being outside the scope of a lawful search.[3]

---

[3] To the extent that defendant asserts that statements he made to police at the scene of his arrest were involuntary as they were coerced by physical force and threats (see Defendant's Motion to

## CONCLUSION

WHEREFORE, for the reasons stated above, the United States respectfully submits that defendant's motion to suppress tangible evidence should be DENIED.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney
        Bar No. 498610

By: _____
        Donnell W. Turner
        Assistant United States Attorney
        Major Crimes Section, Maryland Bar
        555 4th Street, N.W.  # 4235
        Washington, DC 20004
        Tel. (202) 305-1419
        Fax: (202) 616-3287

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Opposition to Defendant Scott's Motion to Suppress Tangible evidence was served by the Electronic Case Filing system and first-class United States mail, postage prepaid, on counsel of record for the defendant, James W. Rudisill, Jr., at 717 D Street, N.W., Suite 310, Washington, D.C.  20004, and counsel of record for the co-defendant, Rita Bosworth, Esq., at 625 Indiana Ave., N.W., Suite 550, Washington, D.C. 20004, this 6th day of October, 2006.

        _____
        Donnell W. Turner
        Assistant United States Attorney

---

Suppress, at page 3), defendant points to no facts which support this claim.  Consequently, defendant's motion should be summarily denied.