UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL No.: 06-254-01 (GK) |
| | ) | |
| MICHAEL L. SCOTT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR
REVOCATION OF THE PRE-TRIAL DETENTION ORDER**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Michael Scott's Motion for Revocation of the Pre-trial Detention Order. In support of its opposition, the Government relies on the following points and authorities and such points and authorities as may be cited at a hearing on the motion.

1.      Defendant, Michael Scott, is charged in a four-count indictment with Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii); Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1); and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).[1] This indictment arose out of Defendant's criminal conduct on August 2, 2006. At approximately 2:10 a.m. on August 2, several members of the Metropolitan Police Department were driving northbound in the unit block of B Street, S.E., when they observed a black Hyundai Sonata, bearing Virginia tags, make a right turn from East Capitol Street onto southbound B Street. Officer Eric Roche observed that the car was traveling at an

---

[1] Defendant is charged with just three counts in this four-count indictment. In the fourth count, his co-defendant, Benjamin Fears, is charged with Simple Possession of a Controlled Substance (Count 4), in violation of 21 U.S.C. § 844(a). Fears has since pled guilty to this charge.

estimated speed of 70 mph, although the speed limit at that location was just 35 mph. In addition, Officer Roche observed that, as a result of the high rate of speed in which the car was traveling, the driver struck the curb as he tried to negotiate the turn onto B Street. Having observed the driver operating the car in excess of the speed limit and recklessly, Officer Roche initiated a traffic stop. Officer Roche got out of his cruiser, approached the driver, Defendant Scott, and asked him for his driver's license and the vehicle's registration. As Defendant Scott was unable to produce a driver's license, Officer Roche placed him under arrest for failure to produce a driving permit. Incident to Defendant Scott's arrest, police began searching the passenger compartment of the vehicle. While searching the center console area, Officer Roche reached underneath the base of the console and immediately felt what appeared to be a pistol. When Officer Roche withdrew his hand, a plastic bag containing a large chunk of cocaine base, or "crack," fell from the console's base. Officer Roche then removed the side panel of the console and inside it saw a loaded Taurus brand .45 caliber semi-automatic pistol, a plastic sandwich bag containing an additional large quantity of cocaine base, and two more plastic sandwich bags containing ninety-three small, individually-packaged ziplocks of heroin. The pistol was loaded with eleven .45 caliber cartridges. Upon learning that police had found the drugs and the gun in the car, Defendant Scott stated that these items were not his and that the car was a "rental." In fact, the defendant had rented the car more than a month prior to his arrest, on June 29, 2006.

2.     On August 8, 2006, after a detention hearing, Magistrate Judge Alan Kay ordered Defendant Michael Scott held without bond pursuant to 18 U.S.C. § 3142(e). Magistrate Judge Kay concluded that Defendant Scott posed a danger to the community, and that there was no condition or combination of conditions that would ensure the safety of the community. In this regard, Magistrate

Judge Kay noted significantly that, at the time he committed the instant offense, Defendant Scott was on release, after having been arrested in another drug case, on April 10, 2006.² Thus, Magistrate Judge Kay concluded, Defendant Scott's arrest in the instant case demonstrated that, if he were to be released in the instant case, it was unlikely that Defendant Scott would be able to abide by any conditions of release imposed by the court.

3.   Nothing has occurred since August 8, 2006, to undermine Magistrate Judge Kay's conclusions. Indeed, Defendant Scott's arrest in this case, while on release in another drug case, clearly demonstrates that he is not likely to adhere to any conditions of release should this Court release him pending a trial in this matter. In addition, Defendant Scott is clearly a danger to the community – just like the instant case, at the time of Defendant Scott's arrest on April 10, 2006, he was found in possession of a significant amount of drugs, including cocaine base, which, when combined with all the surrounding circumstances, indicated his intent to distribute to others. Further, significantly, at the time of Defendant Scott's arrest in the instant case, he again possessed not only a substantial amount of drugs, but also a loaded handgun. Indeed, given that the handgun and the drugs were found together underneath the console base, the evidence strongly suggests that Defendant Scott possessed the gun in relation to and in furtherance of his drug trafficking.

4.   In his motion, Defendant Scott argues that Magistrate Judge Kay's findings are rebutted by certain information "not previously considered by the [c]ourt," including information that the car in which the drugs and gun were recovered was a rental vehicle and not Defendant Scott's personal car, and that the contraband recovered from the vehicle "were not in the immediate area of the part of the vehicle that he occupied and were not in [Defendant Scott's] dominion and control." See

---

² In that case, Superior Court Case No. 2006CF2007028, Defendant Scott eventually was indicted on charges of possession with intent to distribute ("PWID") cocaine, PWID marijuana, and possession of heroin.

Defendant's Motion, page 2.  Such an assertion by the defense is simply not true.  To the contrary, the evidence presented at the detention hearing included <u>unchallenged</u> testimony from Officer Roche that the vehicle had been rented by Defendant Scott sometime prior to the date of his arrest.  Additionally, Defendant Scott's claim that the contraband was not in his immediate area within the car is clearly belied by Officer Roche's testimony that Defendant Scott was the operator of the vehicle, and that the gun and drugs were found right next to the driver's seat underneath the base of the console.  With such testimony, Magistrate Judge Kay was certainly reasonable to conclude that the contraband was within Defendant Scott's dominion and control.  Thus, Defendant Scott's averments are unsupported by the record.

5.     Also in support of his motion, Defendant Scott submits letters from two people, one from Randolph Harris and one from Christina Jeter, to rebut Magistrate Judge Kay's findings "concerning the history and characteristics of [Defendant Scott]."  <u>See</u> Defendant's Motion, page 2-3; Defendant's Motion, Exhibits A & B.  At the outset, it should be noted with importance that these letters are completely silent with respect to the criminal conduct here alleged, as well as the allegations of Defendant Scott's criminal behavior on April 10, 2006.  Thus, it is unclear from the letters whether Mr. Harris and Ms. Jeter were even aware of Defendant Scott's criminal background and, consequently, whether this awareness would have led them to produce the same letters of support for Defendant Scott.  As a result, these letters fall dreadfully short of rebutting Magistrate Judge Kay's finding that Defendant Scott is a danger to the community and that no condition of combination thereof can ensure its safety.

-5-

WHEREFORE, for the foregoing reasons, the Government respectfully requests that Defendant Scott's Motion for Revocation of the Pre-trial Detention Order be denied and Defendant Scott continue to be held without bond pending trial.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney
        Bar No. 498610


By:   __"/s/"_____
        Donnell W. Turner
        Assistant United States Attorney
        Maryland Bar
        United States Attorney's Office
        555 Fourth Street, N.W., Room 4235
        Washington, D.C. 20530
        (202) 305-1419

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL No.: 06-254-01 (GK)** |
| ) | |
| **MICHAEL L. SCOTT,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## ORDER

Upon consideration of the defendant's Motion for Revocation of the Pre-trial Detention Order and the Government's Opposition thereto, it is this _____ day of _____, 2006, hereby

**ORDERED** that the defendant's Motion for Revocation of the Pre-trial Detention Order be and the same is

**DENIED.**

_____
GLADYS KESSLER
United States District Judge

Copies to:

Billy L. Ponds, Esquire
Harry Tun, Esquire
AUSA Donnell W. Turner