UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | CRIMINAL NO. 06-254 (GK) |
| *v.* : | |
| : | |
| : | |
| MICHAEL LEE SCOTT : | |
| : | |

### DEFENDANT MICHAEL SCOTT'S OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES EVIDENCE

**COMES NOW** the Defendant, Michael L. Scott (hereinafter "Scott"), by and through counsel, respectfully opposes the government's introduction of prior crimes evidence and moves this Honorable Court, pursuant to Federal Rules of Evidence 403 and 404(b), and to his rights to fundamental fairness and to a fair trial embodied in the Fifth and Sixth Amendments to the United States Constitution, for an order precluding the government from using evidence of prior convictions, in the trial of the instant case.  A hearing on this motion is respectfully requested, as is a pretrial determination of the motion so that counsel can adequately prepare for trial.

As grounds for this opposition, Mr. Scott states as follows:

### FACTS

1. On the evening of August 2, 2006, at approximately 2:10 a.m., Mr. Scott was traveling on East Capitol Street and B Street, S.E.

2. At around that same time, members of the Metropolitan Police Department patrolled the area in a marked vehicle.  The officers observed Mr. Scott make a right

1

turn onto B Street and made a U-turn, activated their emergency equipment and effectuated a traffic stop.

       3.      When the officers exited their vehicle, Mr. Scott only had a credit card with him as identification. He was placed under arrest for driving without a permit and Mr. Scott was searched.  The officers determined that the vehicle was a rental car.

       4.      Although nothing illegal was found on Mr. Scott's person, he was handcuffed while another police officer went to the driver's area of the vehicle and began searching it.  In particular, the police officer searched the center console area of the vehicle.  The officer reached under the console and broke it off its screws so that he could get a better look under the console.  With the console removed, the officer found a plastic bag containing a large chunk of suspected cocaine base and a loaded Taurus brand .45 caliber semi-automatic pistol, and two more plastic sandwich bags containing black/clear small bags of suspected heroin.

       5.      The government now seeks to introduce evidence at trial of Mr. Scott's prior drug arrest[1] to show Mr. Scott possessed cocaine on August 2, 2006 knowingly and intentionally, and was not the result of inadvertence, mistake, or accident, in this case.  Relevant to that arrest, and according to the government's Motion On April 10, 2006 at approximately 10:15 p.m., two Metropolitan Police Officers were on a routine patrol at 1022 M Street, S.E. in Washington, D.C. when they saw a Mercedes Benz silver station wagon with Maryland tags and decided to do a traffic stop.   The officers approached the vehicle that Mr. Scott was driving.  One of the officers allegedly detected a strong odor of marijuana and that officer told Mr. Scott to get out of the vehicle and detained him.  Subsequently, a search of the vehicle allegedly

---

[1] The government has not provided any discovery with respect to a conviction.  In fact, the case against Mr. Scott is still pending, see Case 2004CMD8259 before the Honorable Lynn Coombs-Green.

revealed that there was ziplocks which contained a few white rock-substance that allegedly field-tested positive for cocaine. Additionally, some marijuana was recovered in the vehicle. However, no drugs were recovered off of Mr. Scott. (Gov. Motion at 4 and 5).

## ARGUMENT

6. Federal Rule of Evidence 404(b) carves out an exception to the prohibition on evidence of other crimes or bad acts by an accused if such evidence is relevant to "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The government's notice contends that evidence of Mr. Scott's prior drug conviction bears upon Mr. Scott's **"motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or** accident." Gov't's Motion at p. 5.

7. It is axiomatic that before evidence of other bad acts by an accused may be admitted it must be deemed both "relevant to an actual issue in the case, and its probative value must not be outweighed by its unfair prejudice to the defendant." United States v. Vaughn, 601 F.2d 42, 45 (2d Cir. 1979). See also United States v. Mothershed, 859 F.2d 585, 588 (8th Cir. 1988) ( reversing conviction for trial court's failure to exclude similar act evidence and acknowledging that "admission of prior bad acts under Fed. R. Evid. 404(b) requires that the evidence be relevant to a material issue, clear and convincing, more probative than prejudicial, and similar in kind and close in time to the crime charged") (footnote omitted); United States v. Foskey, 636 F. 2d 517, 523 (D.C. Cir. 1980)("Despite the inherently damaging nature of bad acts evidence, it may be admissible to show a material issue in the case such as motive, opportunity, intent, identity, or absence of mistake or accident"); United States v. Manafzadeh, 592 F.2d 81, 86 (2d Cir. 1979)(reversing conviction for erroneous admission of other crimes evidence and stating that "other-crime evidence may not be received unless it is relevant to an actual issue in

3

the case and unless its probative value on that issue is not outweighed by its unfair prejudice to the defendant").

8.   In Mr. Scott's case, the government has not met any prerequisite required by the above decisions.  In fact, the probative value of the evidence is not greater than its prejudicial impact.  On the contrary, the sole reason that the government seeks to introduce evidence of Mr. Scott's prior arrest is for the improper purpose of suggesting that if he were convicted of a drug crime, then he is, more likely than not, guilty of the instant offense. Therefore, the government is attempting to introduce evidence of attempted distribution of drugs to bolster a charge that alleges Mr. Scott possessed drugs with intent to distribute.

9.   In United States v. Robinson, 978 F.2d 1554 (10th Cir. 1992), Robinson was a narcotics case, where conspiracy and intent were contested issues. The Trial Court admitted evidence that two of the defendants had previously been arrested for narcotics violations. The Court of Appeals held that the mere evidence of arrest, without any showing of the underlying act or circumstances, was not probative of intent, knowledge, or any other of the permissible purposes for bad act evidence under Rule 404(b). It concluded: "Rule 404(b) allows evidence concerning the prior activity of a particular defendant, not simply testimony that records indicate an arrest took place." Put another way, the mere fact of arrest did not show sufficiently, under Huddleston, that the bad act was committed and that the defendant committed it. Huddleston v. United States, 485 U.S. 681 (1988).

10.  The Fifth Circuit, in United States v. Yeagin, found that introducing evidence of the accused's prior drug conviction was improper because it "provided direct support for the one inference specifically forbidden by rule 404(b): that because [the accused] had committed prior drug crime in the past, he had a bad character and a propensity to commit

4

such crimes again." 927 F.2d 798, 803 (5th Cir. 1991). In Yeagin, the court rejected the government's "enigmatic" argument that the prior incidents were relevant to the accused's knowledge or state of mind and characterized the government's arguments that such evidence was necessary to refute the accused's defense of mere presence as "disingenuous." See Yeagin, 927 F.2d at 802.  Similarly, this Court should reject the government's request to introduce any evidence of Mr. Scott's prior conviction as totally nonbearing on his instant offense, and highly prejudicial.

        11.     The evidence of Mr. Scott's prior arrest does not indicate a design or plan that would help to establish Mr. Scott's guilt in the instant case.  In fact, there is "insufficient similarity" between the prior incidents and the charged incident "for any inference to be drawn regarding the defendant's responsibility for the later acts." See United States v. Shackleford, 738 F.2d 776,783 (7th Cir. 1984). Bad act evidence is not automatically admissible simply because the proponent has articulated a not-for-character purpose to which the evidence could be put. The Supreme Court, in Huddleston v. United States, 485 U.S. 681, 688 (1988), stated that the decision to admit evidence under Rule 404(b) depends as well on "whether the danger of unfair prejudice [substantially] outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Thus, the Court has recognized that exclusion is mandated if the probative value of the bad act, in proving the permissible, not-for-character purpose, is substantially outweighed by the risk that the jury would misuse the evidence as proof of bad character.  In fact, the more similar the bad act is to the act charged, the more likely the jury is to draw the impermissible inference that the defendant has a propensity to commit such acts.

12. There is nothing about Mr. Scott's prior arrest that can lead the Court to conclude that it a part, or formed any part of a plan, motive, intent or preparation to commit possession with intent to distribute several months later. The only explanation the government can produce for its intention to introduce this evidence must be to prejudice Mr. Scott. See United States v. James, 555 F.2d 992 (D.C. cir. 1977)(evidence of other crimes is not admissible "to show that, having once fallen into sin, a second slip is more likely. Only one condition is imposed on the proponent of such evidence: 'its probative virtues must outweigh its prejudicial proclivities' in order to satisfy the stricture of Rule 403") (citations omitted).

13. In weighing the prejudicial impact of his prior arrest against the probative value, the prior arrest for attempted distribution of a controlled substance are facts that are bound to make the evidence more prejudicial than probative in the instant case.

14. In United States v. Daniels, 770 F.2d 1111 (D.C. Cir. 1985), the D.C. Circuit recognized the prejudicial impact of allowing a jury to learn of the accused's criminal record. Although deciding a severance issue, in language relevant here, the D.C. Circuit explained that

> The exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds. . . . That juries treat prior convictions as highly probative has been confirmed by empirical investigations... Such reliance by the trier of fact offends the 'long standing tradition that protects a criminal defendant from "guilt by reputation" and from "unnecessary prejudice" . . . .

770 F.2d at 116 (citations omitted).

15. The Court in Daniels also expressed its extreme skepticism about the "efficacy of jury instructions in curing the prejudice caused by the introduction of other crimes

6

evidence." See Daniels, 770 F.2d at 1118 ("To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond normal capacities . . . and 'the naive assumption that prejudicial effects can be overcome by instructions to the jury' becomes more clearly than ever 'unmitigated fiction'"). Thus, even an instruction to the jury about the limited use for which the prior convictions might be introduced would not suffice to cure the prejudice and, therefore, the government should not be allowed to introduce evidence of those convictions.

## CONCLUSION

WHEREFORE, for the foregoing reasons, those which may appear in supplemental pleadings, which Mr. Scott explicitly reserves the right to file, any which appear at the requested hearing on this matter, and any others this Court deems just and proper, Mr. Scott respectfully requests that the government be precluded from introducing evidence of his prior conviction in the trial of the instant case.

        Respectfully submitted,

        **/s/ Harry Tun**
        Harry Tun (Bar No. 416262)
        400 Fifth Street, N.W.
        Suite 300
        Washington, D.C. 20001
        (202) 393-2882 (tel)
        (202) 783-5407 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** : | |
| : | **CRIMINAL NO. 06-254 (GK)** |
| *v*. : | |
| : | |
| : | |
| **MICHAEL LEE SCOTT** : | |
| : | |

## ORDER

Upon consideration of Defendant Opposition to Government's Motion to _____ Pursuant to Federal Rule of Evidence 404(b), and the record in this matter, it is this \_\_\_\_ day of _____, 2007, hereby

**ORDERED,** that the government's Motion is denied; and it is further

**ORDERED** that the government shall be prohibited from offering any evidence relating to, or making any mention, of the existence of the defendant's prior felony conviction during its case-in-chief.

_____
**GLADYS KESSLER**
**United States District Judge**

cc:

Harry Tun, Esquire
400 Fifth Street, N.W.
Suite 300
Washington, D.C. 20001

AUSA Donnell W. Turner
U.S. Attorney's Office
555 4th Street, NW
Washington, DC  20530

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this __ day of February 2007, I caused a true and correct copy of the foregoing Defendant Opposition to Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) to be electronically filed the with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the government, which is:

    Donnell W. Turner, Esq.
    Assistant United States Attorney
    Office of the United States Attorney for the District of Columbia
    555 Fourth Street, NW
    Washington, DC  20530

                                        /s/ Harry Tun