UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-254 (GK) |
| | : | |
| MICHAEL LEE SCOTT | : | |
| | : | |
| Defendant. | : | |
| | : | |

**UNITED STATES' REPLY TO DEFENDANT'S OPPOSITION TO
GOVERNMENT'S MOTION SEEKING ADMISSION OF RULE 404(b) EVIDENCE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files its reply to defendant's Opposition to Government's Motion to Admit Other Crimes Evidence (hereinafter referred to as "Defendant's Opposition"). See Fed. R. Evid. 404(b). In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter.

Pursuant to Rule 404(b), this Court should admit evidence surrounding defendant's arrest on April 10, 2006, for possession of crack cocaine, heroin, and marijuana, as such evidence is relevant to prove defendant's knowledge of the drugs within his possession, as well as his intent to distribute them. Further, the probative value of such evidence greatly outweighs any danger of unfair prejudice to defendant. Indeed, defendant has failed to articulate any legitimate reason for excluding such evidence.

First, defendant in his motion characterizes Rule 404(b) as a rule of exclusion. Defendant is incorrect. The U.S. Court of Appeals for the District of Columbia Circuit has made clear precisely the opposite, that Rule 404(b) is a rule of inclusion and prohibits only the introduction of evidence to prove propensity. See, e.g., United States v. Crowder, 141 F.3d 1202, 1206 (D.C.

Cir. 1998) (en banc) (Rule 404(b) is "'quite permissive,' prohibiting the admission of other crimes evidence 'in but one circumstance' – for the purpose of proving that a person's actions conformed to his character") (citation omitted), cert. denied, 525 U.S. 1149 (1999); United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir.) ("[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character."), cert. denied, 498 U.S. 825 (1990).

Second, defendant claims that the government has not met "any prerequisite required" for the admission of other crimes evidence under Rule 404(b). Defendant's Opposition, at 4. Moreover, defendant argues that "the sole reason that the government seeks to introduce evidence of [defendant's] prior arrest is for the improper purpose of suggesting that if he were convicted of a drug crime, then he is, more likely than not, guilty of the instant offense." Id. This claim is simply false. In its initial papers the government clearly asserts that it seeks to admit other crimes evidence to (1) prove defendant's intent and knowledge in possessing the drugs and firearm located by police; (2) further show defendant's intent to not only possess the drugs, but to distribute it to others; and (3) establish that the presence of these items in the vehicle was not the result of some mistake or accident. Indeed, evidence that less than four months prior to his arrest in the instant case defendant possessed quantities of crack cocaine and heroin while driving a vehicle and under circumstances which indicate an intention to distribute those drugs, is highly probative of his knowledge of and intent to possess and to distribute the same drugs that were found by police inside a vehicle which he was driving here.

In defendant's motion, he cites to several cases, including United States v. Robinson, 978 F.2d 1554 (10th Cir. 1992); United States v. Yeagin, 927 F.2d 798 (5th Cir. 1991); and United

States v. Daniels, 770 F.2d 1111 (D.C. Cir. 1985), to support his blanket assertion that the probative value of the admission of evidence of defendant's prior arrest is outweighed by its unfair prejudice to defendant. Defendant's reliance on these cases is greatly misplaced. Each of them is discussed in turn below.

In Robinson, the Tenth Circuit Court of Appeals held that the trial court erred by admitting evidence of the co-defendants' several prior arrests. However, the court in Robinson rested its finding on the fact that the prosecution, rather than admitting the evidence through a witness who had direct knowledge of the defendants' arrests, elicited this testimony from a law enforcement agent who was not the actual arresting officer in the arrests and, thus, he "could not and did not testify concerning the actual circumstances of the arrests." 978 F.2d at 1559. Rather, the court stated, "[t]he officer, with the documentation of the arrests to aid him, recited the date, location and charge for each of the defendants[' arrests]. Id. In determining that the trial court erred by admitting this testimony under these circumstances, the court explained that "evidence of mere arrest, as was admitted against [the defendants], . . . without any evidence of the particular act or circumstance that would tend to show intent or knowledge, should not have been admitted as an 'other crime, wrong, or act' under [Rule] 404(b)." Id. at 1560 (emphasis added).

Here, unlike in Robinson, the government intends to introduce the facts and circumstances surrounding defendant's April 10, 2006, arrest through the testimony of an officer who personally participated in defendant's stop and subsequent arrest. Indeed, it is anticipated that the officer will not only recount firsthand the entire circumstances regarding defendant's prior arrest, but he will be able to positively identify defendant as the person whom he and other officers arrested on April 10, 2006, and identify the drugs defendant possessed on that occasion.

3

Further, absent a stipulation, the government intends to introduce expert evidence concerning the results of the chemical analysis of the drugs recovered from defendant that resulted in his arrest on April 10, 2006. Thus, Robinson is inapposite to the instant case.

Defendant also cites to Yeagin, supra, 927 F.2d at 798, in asserting that his "prior [arrest] "[is] nonbearing on [defendant's] instant offense[] and [is] highly prejudicial," and therefore should not be admitted at trial. Defendant's Opposition, at 4-5. First, defendant's claim is wholly frivolous. As discussed above and in the government's initial papers, the circumstances surrounding defendant's April 10, 2006, drug arrest is extremely probative of whether defendant had knowledge of the existence of the drugs and firearm for which he was arrested in this case, and his intent with respect to the drugs. See, e.g., Crowder, 141 F.3d at 1204-07 (in constructive possession drug trafficking case where the defendant was observed discarding drugs while fleeing from police and later raised defense of misidentification, court finding that "the elements of intent and knowledge [under Rule 404(b)] are at the core of the offenses charged in the case[] before us"). Second, defendant's reliance on Yeagin is misplaced.

In Yeagin, the defendant was charged with possession with intent to distribute methamphetamine, use of a firearm in connection with a drug trafficking offense, and possession of a firearm as a convicted felon, and the government sought to introduce evidence of the defendant's nine prior felony convictions. Id. at 800. In an effort to prevent the government from introducing his convictions, the defendant offered to stipulate that he had the requisite intent to distribute if the government proved that he possessed drugs, and that he had a prior felony conviction if the government proved that he possessed a firearm. Id. The government,

however, refused to accept the stipulations and a list of all of the defendant's convictions was read to the jury. Id.

On appeal, the Fifth Circuit Court of Appeals held that the trial court committed prejudicial error when it admitted evidence of the defendant's nine prior convictions. Id. at 801. Significantly, although the court recognized that evidence of the defendant's prior convictions "might have been admissible to show intent under [Rule 404(b)]," id. at 801, the court nevertheless concluded that since the defendant had offered to stipulate to two key facts, including that, if the government were to prove possession against him, he would then acknowledge that he had the requisite intent to distribute, then the prosecutor did not need this evidence. Id. at 802.[1]   The Fifth Circuit further explained:

> The prior crimes evidence could not have been relevant to the [charge of possession with intent to distribute drugs] because [the defendant] had offered to stipulate to that intent if the government could prove possession. The evidence was also irrelevant to the knowledge required for actual possession because there was no evidence that indicated that [the defendant] had direct physical control over the drugs.

Id.

After Yeagin, the Fifth Circuit decided United States v. Willis, 6 F.3d 257 (5th Cir. 1993), a case in which the defendant, like the defendant in Yeagin, was convicted of various drug trafficking and weapons offenses. On appeal, the defendant similarly contended that the trial court erred by admitting his two prior drug convictions under Rule 404(b). Id. at 259. The defendant, relying on Yeagin, argued that, in light of his offer to stipulate to the requisite intent to

---

[1] The second essential element, the court said, related to the count of possession of a firearm by a convicted felon. The court found that the prior convictions might have been admissible to show that the defendant had committed a prior felony. 927 F.2d at 801.

distribute should the government find him guilty of possession of the drugs, the probative value of his prior convictions was outweighed by unfair prejudice to him. Id. at 259-60. The court denied the defendant's motion and his two prior convictions were admitted into evidence (albeit, pursuant to a written stipulation). Id. at 260. The Fifth Circuit, in rejecting the defendant's contention that the evidence was inadmissible, distinguished Yeagin as follows:

> Our court held in Yeagin that the "need to introduce evidence of [the] nine prior convictions was negligible in comparison to the extremely prejudicial effect that this evidence must have had on the jury." Such is not the case here. The result in Yeagin is controlled by two factors not present in the case before us. First, four of Yeagin's nine prior convictions were not drug-related. That fact alone might have been sufficient to warrant reversal. Second, although Yeagin's prior convictions were offered at trial to prove that he intended to distribute the cocaine, the Government waited until the appeal to assert that the convictions were admissible to prove that he intended to constructively possess the cocaine.

Id. at 262.

In the instant case, as stated above and in its initial papers, the government seeks to admit the facts and circumstances surrounding defendant's April 10, 2006, arrest for possession with intent to distribute drugs. Contrary to defendant's contention in his motion, see Defendant's Opposition, at 5, the facts relating to defendant's April 10, 2006 arrest and the facts here are strikingly similar. For instance, on April 10, 2006, after defendant was stopped by police on a traffic stop while driving a car that did not belong to him, police eventually searched the vehicle and found individually-packaged crack cocaine and heroin, and a large quantity of marijuana inside the passenger compartment. In addition, police found on his person two cell phones and a

large sum of money.² Likewise, here defendant was stopped by police after he was observed recklessly operating a car that he had rented. After he was placed under arrest for driving without a permit, police found approximately 125 grams of crack and numerous individually-packaged ziplocks of heroin and a firearm secreted within the console area. Also, as with his April 10th arrest, police located two cell phones and a large sum of money on or about defendant's person. Thus, unlike the prosecution in Yeagin, the government does not seek to offer evidence of any prior bad acts of defendant that are not drug-related. Furthermore, very early on the government notified defendant and the Court of the precise grounds upon which the government seeks to introduce the aforementioned evidence, to prove that defendant knowingly and intentionally possessed the drugs in this case, and that he intended to distribute them. Thus, Yeagin does not apply to the instant case and defendant's reliance on it is unfounded.

Defendant further relies upon Daniels, supra, 770 F.2d at 1111, in asserting that the evidence the government seeks to admit under Rule 404(b) is so prejudicial to him that "even an instruction to the jury about the limited use for which the prior convictions might be introduced would not suffice to cure the prejudice[.]" Defendant's Opposition, at 6-7. Yet, even defendant himself concedes that Daniels involves the sole issue of whether the trial court properly refused to sever counts at trial, see Defendant's Opposition, at 6, rather than the admissibility of evidence under Rule 404(b). See Daniels 770 F.2d at 1113-14. Consequently, Daniels has absolutely no bearing on the instant case.

---

²⁄ These facts, taken together, clearly indicate defendant's intent to distribute drugs on April 10, 2006.

WHEREFORE, for the reasons stated above, the government respectfully requests that this Court deny defendant's opposition to the government's motion to admit other crimes evidence pursuant to Rule 404(b) and grant the government's motion to admit such evidence.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By:
/s/
_____
Donnell W. Turner
Assistant United States Attorney
Maryland Bar
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4235
Washington, D.C. 20530
(202) 305-1419

**Certificate of Service**

I hereby certify that a copy of the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), was served by fax and first-class mail to counsel for the defendant, Harry Tun, at 400 Fifth Street, N.W., Suite 300, Washington, D.C. 20001, this 16th day of March, 2007.

/s/
_____
Donnell W. Turner
Assistant United States Attorney