UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL No.: 06-254 (GK) |
| : | **FILED** |
| MICHAEL SCOTT, : | |
| : | MAY 2 1 2007 |
| Defendant. : | |
| : | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## STATEMENT OF OFFENSE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Michael Scott, hereby submit this Statement of Offense. With regard to Count 1 of the Indictment, in which Defendant is charged with Unlawful Possession with Intent to Distribute Fifty Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), the essential elements of such offense, each of which the Government must prove beyond a reasonable doubt, are:

1.  That Defendant possessed <u>fifty grams or more</u> of cocaine base, or "crack";

2.  That such possession was knowing and intentional, and not the result of any mistake, accident, or inadvertence; and

3.  That, at the time Defendant possessed the cocaine base, Defendant had the specific intent and purpose of distributing it to another individual or to other individuals.

In addition, with regard to Count 3 of the Indictment, which charges Defendant with Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), the essential elements of such offense, each of which the Government must prove

1

beyond a reasonable doubt, are:

1. That Defendant possessed a measurable quantity of heroin;

2. That such possession was knowing and intentional, and not the result of any mistake, accident, or inadvertence; and

3. That, at the time Defendant possessed the heroin, Defendant had the specific intent and purpose of distributing it to another individual or to other individuals.

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on August 2, 2006, at approximately 2:10 a.m., members of MPD were traveling northbound in marked police vehicles in the unit block of B Street, S.E., when they observed a black Hyundai Sonata bearing Virginia tags make a right turn from East Capitol Street onto southbound B Street. The car was traveling at a high rate of speed, estimated by one officer at 70 mph. The speed limit on East Capitol Street was 35 mph. As the driver of the Sonata, later determined to be Defendant, tried to negotiate the turn at the high rate of speed, the vehicle fish-tailed and struck the curb of the median strip on B Street. The officers operating the patrol cars immediately made U-turns, activated the vehicles' emergency equipment, and began pursuing the Sonata. Defendant pulled over and came to a stop a short distance down the street. Officer Roche exited his cruiser and approached Defendant behind the wheel, at which time Defendant reached his arm out the window and offered Roche a credit card. Officer Roche told Defendant that he had stopped him for driving 70 mph in a 35 mph speed limit zone, and Defendant replied that he thought he had been driving only about 60 mph. Officer Roche requested Defendant's driver's license, but Defendant was unable to produce it. Shortly thereafter, Defendant was placed under arrest for failure to produce a driver's permit. Incident to Defendant's arrest, police searched the passenger

compartment of the car and, within the center console area, underneath the gearshift module, found a Taurus brand .45 caliber semi-automatic pistol, serial number NXL 43552, loaded with twelve (12) rounds of .45 caliber ammunition; three plastic sandwich bags containing suspected crack cocaine, and two additional plastic sandwich bags containing 93 black/clear small zips of suspected heroin. Also, recovered from defendant's person was $1,788.71 U.S. currency.

Following its recovery, the gun and magazine inside it were dusted for fingerprints, and several latent prints were found on these items. A subsequent comparison of the latent prints with the known prints of Defendant revealed that a fingerprint impression found on the magazine was made by Defendant. In addition, the suspected drugs taken from the vehicle were sent to the DEA laboratory for analysis. The examination revealed that the three sandwich bags contained a total of 125.9 grams of crack cocaine, and that the 93 black/clear ziplocks contained a total of 8.4 grams of heroin.

Further, the crack cocaine, heroin, and gun found in the car were all knowingly and intentionally possessed by Defendant on August 2, 2006, and not as a result of mistake or inadvertence, and Defendant possessed the crack cocaine and heroin with the intent and purpose of distributing them to others.

This Statement of Offense is a summary of Defendant Michael Scott's participation in the offense of Unlawful Possession with Intent to Distribute Fifty Grams or More of Cocaine Base and Unlawful Possession with Intent to Distribute Heroin on August 2, 2006, and is not intended to be a complete accounting of all facts and events related to these offenses. The limited purpose of this Statement of Offense is to demonstrate that a factual basis exists to support Defendant's guilty plea in this case.

FURTHER RELEVANT CONDUCT:

On April 10, 2006, members of Metropolitan Police Department (MPD) initiated a traffic stop in the 1000 block of M Street, S.E., Washington, D.C., on a silver-colored 2000 Mercedes Benz station wagon E-320 model, after observing that the vehicle's windows were heavily tinted in violation of Maryland's traffic regulations. After the stop, police officers approached and made contact with Defendant, who was the driver and sole occupant with the vehicle. Immediately, officers noticed a strong odor of marijuana emanating from the vehicle, and defendant was asked to exit the vehicle. Upon opening the door to comply with the officers' request, police noticed two (2) small ziplocks of suspected heroin in plain view between the front driver's side door and the kick plate, and a plastic baggie containing approximately five (5) grams of suspected crack in the driver's side door map compartment. In addition, after Defendant was placed under arrest, police found a plastic bag containing approximately two (2) grams of suspected crack in the front passenger's side door map compartment; three (3) ziplocks of suspected heroin in the front driver's side door map compartment; and a ziplock bag containing approximately 220 grams of suspected marijuana on the rear driver's side seat. All of the suspected drugs were later sent to the Drug Enforcement Administration's (DEA) chemical laboratory for analysis. The results of the examination revealed that a total of 1.6 grams of crack cocaine, 5.69 grams of heroin, and 206.4 grams of marijuana were recovered by police on April 10, 2006. Finally, a search of Defendant located $2372 U.S. currency on his person, and two cell phones.

By: *Donnell W. Turner* (signature)
Donnell W. Turner
Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read this 4-page factual proffer and have discussed it with my attorney, Harry Tun, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 05/21/07

Michael Scott
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 5/21/07

Harry Tun, Esq.
Attorney for Defendant