UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

vs.  Case No.: CR-06-254-01

MICHAEL SCOTT

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Michael Scott ("Scott"), by and through undersigned counsel, respectfully submits the following Memorandum in Aid of Sentencing. Mr. Scott will come before the Court for sentencing after entering a plea of guilty to one count of Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(iii) as well as one count of Unlawful Possession with Intent to Distribute Heron in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C).

## I. OBJECTIONS TO PRESENTENCE REPORT

Mr. Scott and undersigned counsel have reviewed the Pre-Sentence Investigation Report ("PSR") prepared by Tennille Losch, United States Probation Officer, and have no objections to the report.

## II. SENTENCING GUIDELINES APPLICATIONS

Mr. Scott agrees to a certain extent with the Offense Level Computation in the Pre-Sentence Report ("PSR"). According to the PSR, the base offense level is 32 (U.S.S.G. § 2D1.1(c)(4)). The base offense level is increased by 2 points because a handgun was present at the time of the arrest (U.S.S.G. § 2D1.1(b)(1)). This adjusted offense level of 34 is reduced by 2 points for Mr. Scott's acceptance of responsibility for a total offense level of 32. Thus, under the Sentencing Guidelines, the sentencing range is 121-151 months imprisonment. However, Mr. Scott submits that he should receive an additional one level reduction for acceptance of responsibility.[1]

When determining a particular sentence to be imposed, judges are permitted to "appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." United States v. Tucker, 404 U.S. 443, 446 (1972). Furthermore, sentencing decisions must be based upon "reliable information and appropriate considerations." Grant v. United States, 509 A.2d 1147, 1155 (D.C. 1986). The federal sentencing provision states that courts should impose sentences that consider, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant, take into account the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. §3553(a).

## III. EFFECT OF UNITED STATES V. BOOKER ON SENTENCING

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that its prior decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 477 (2000), apply to the United States Sentencing Guidelines. Thus, the Sixth

---

[1] Since a mandatory minimum sentence of 10 years is applicable, even if Mr. Scott is entitled to an additional one level reduction, he will still receive a sentence of 120 months.

Amendment will be violated by the imposition of an enhanced sentence under the Guidelines based on a sentencing judge's determination of a fact, other than a prior conviction, that was not found by a jury or admitted by the defendant. Id. at 756. As a result, the Court then severed the portions of the federal sentencing statute that makes it mandatory, thus rendering the guidelines advisory. Id. at 757. See also United States v. Ranum, 353 F.Supp.2d 984 (E.D. Wisc. 2005); United States v. Huerta-Rodriguez, 2005 WL 318640 (D. Neb. 2005).[2]

The Court also excised the provision setting forth appellate standards of review, 18 U.S.C. § 3742, and held that sentences should be reviewed under a "reasonableness" standard, to be determined with reference to the standards set forth in 18 U.S.C. § 3553(a). See Booker, 125 S. Ct. at 757, 765-66. Because a district court's sentence is now reviewable for "reasonableness," and can be reversed if found unreasonable, the "upper limit of a lawful sentence is no longer the maximum term of imprisonment under the relevant statute, but rather the highest point within that range that is reasonable." Huerta-Rodriguez, 2005 WL 318640 at 6 (quoting Booker, 125 S. Ct. at 748-49, 754-56 (referring to upper limit as "maximum authorized by the facts established" by guilty plea or jury verdict)).

Post-Booker, although a district court must still consider the Guidelines, it must still consider the other directives of 18 U.S.C. § 3553(a). See Huerta-Rodriguez, 2005 WL 318640 at 5. Under Booker, courts must treat the Guidelines as just one of a number of sentencing factors. Id. Accordingly, a sentencing court is not bound by the Guidelines, but must "consult" them and "take them into account when sentencing." Booker, 125 S. Ct. at 767.

In Booker, the Supreme Court neither held, nor implied, that the measure of reasonableness was the Guideline sentencing range. See Huerta-Rodriguez, 2005 WL 318640 at

---

[2]  As of March 11, 2005, publication page references were not available for this document. (See Attachment 1). Thus, page references to this case will be to the printed page number on the upper right hand corner of the page.

3

5. Thus, "'any system which [holds] it *per se* unreasonable (and hence reversible) for a sentencing judge to reject the Guidelines is indistinguishable from the mandatory system' that the Supreme Court found unconstitutional." Id. (quoting Booker, 125 S. Ct. at 794 (Scalia, J., dissenting)). "To treat the Guidelines as presumptive[ly reasonable] is to concede the converse, *i.e.*, that any sentence outside the Guideline range would be presumptively unreasonable in the absence of clearly identified factors . . . [and] making the Guidelines, in effect, still mandatory." United States v. Myers, 353 F. Supp. 2d 1026, 1028 (S.D. Iowa 2005)). As a result, a sentencing court should be guided by the consideration of the now-advisory Guidelines along with the statutory factors set forth in 18 U.S.C. § 3553(a). "The directives of Booker, and § 3553(a) make clear that courts may no longer uncritically apply the guidelines and, as one court suggested, 'only depart . . . in unusual cases for clearly identified and persuasive reasons.'" Ranum, 353 F. Supp.2d at 985 (quoting United States v. Wilson, 350 F. Supp.2d 910, 912 (D. Utah 2005)).

### IV.     OFFENSE CONDUCT

Mr. Scott has pleaded guilty to one count of Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(iii) as well as one count of Unlawful Possession with Intent to Distribute Heron in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C).. Mr. Scott admitted that he was accountable for the offense charged; additionally, he accepted responsibility for possessing a weapon during the commission of the offenses set for in Counts 1 and 2 of the indictment. Mr. Scott also assisted authorities in the investigation and prosecution of the misconduct by timely notifying authorities of his intent to enter a guilty plea. Further, he agreed to waive his interest in and not contest to the administrative forfeiture of property confiscated in connection with his arrest.

## V. SECTION 3553(a) FACTORS

When determining a particular sentence to be imposed 18 U.S.C. § 3553(a) requires courts to consider in relevant part: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; … and (7) the need to provide restitution to any victims of the offense.

**1. Nature and circumstances of the offense and history and characteristics of the defendant**

The PSR notes that no victims have incurred a financial loss or suffered a physical harm as a result of the Mr. Scott's conduct. However, Mr. Scott is not minimizing the seriousness of the instant offense. He openly admits to having committed the crime charged. However, in the past years, Mr. Scott has moved past these mistakes. Mr. Scott has struggled all his life to overcome adversity. Born in the District of Columbia, he lived with both of his parents until they separated when he was eleven years old. Following his parents separation, Mr. Scott moved from place to place for the duration of his adolescence. He lived temporarily lived with his mother and siblings in a shelter, and his family was later evicted from their apartment for failure to pay rent. During this time, Mr. Scott's father was partially paralyzed due to a head injury occurring when he was robbed at gunpoint. Mr. Scott moved out on his own at the age of 17. Despite his troubled origins and personal tragedies occurring during the critical developmental stages within his life, Mr. Scott has developed a strong character. Mr. Scott's friends and family members describe him as a caring individual, a good father, and an asset to his family.

**2. The need for the sentence imposed**

5

The offense occurred over a year ago. Since that time, Mr. Scott has aligned himself with positive influences, girlfriend, Danea Towles. Ms. Towles is the mother of Mr. Scotts's child, and she has dated Mr. Scott for twelve years. Upon release, Mr. Scott intends to live with Ms. Towles, who indicated that she would be supportive of him while supervised by the probation office.

### 7. Need to provide restitution

Here, the offenses committed by Mr. Scott did not cause any individuals to sustain financial loss or physical harm. Mr. Scott has also been found by the Court to be unable to pay a fine within the guideline range.

## VI. SECTION 3553(a)(2) CONSIDERATIONS

In addition to considering the above factors, the Court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are, in relevant part: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

### A. Seriousness of the offense, respect for the law, just punishment

In arguing that no individuals suffered financial loss or physical harm from his conduct, Mr. Scott is not minimizing the seriousness of his offense. In fact, he openly admitted what he did and took responsibility for his actions. He has been held without bond since his arrest and is

keenly aware of the ramifications of his unlawful activity. Just because the sentencing guideline suggests Mr. Scott be incarcerated for 121 to 151 months does not make that sentence reasonable under Booker.

### B.    Deterrence to criminal conduct

Mr. Scott has demonstrated that he is eager to abide by the law. Incarceration would interrupt his new success and reintroduce him to criminal society within the corrections system. Thus, a period of probation would more than adequately serve as a deterrent to further criminal activity.

### C.    Protection from further crimes

As the PSR states, Mr. Scott committed the instant offense on August 2, 2006. Since that time, Mr. Scott has had ample time to reflect upon the gravity of his mistakes and make a conscious decision to become a law-abiding citizen. Mr. Scott has indicated a strong desire to be an asset to his family and society. He is a new man and is unlikely to commit any further offenses. In fact, since his release, Mr. Scott has indicated a strong desire to enter a drug treatment program to turn his life around.

### D.    Provide treatment and training

The PSR indicates that Mr. Scott is in good physical condition and has never suffered from any mental or emotional problems. Thus, a maximum prison sentence will not serve to rehabilitate Mr. Scott in a manner that cannot be addressed with the imposition of a lesser sentence.

## VI.    RECOMMENDATION

In this particular case, United States Probation Officer Losch has stated that the guideline range for imprisonment for Mr. Scott is 121 to 151 months. In this case, over a year has passed

since the instant offense. In that time, Mr. Scott has exhibited a strong desire to turn his life around. Mr. Scott has made it clear that he has learned his lesson following the instant offense and is remorseful for his actions. Accordingly, Mr. Scott respectfully requests that the Court impose a reasonable sentence. A reasonable sentence considering 18 U.S.C. §3553(a) would be the imposition of a sentence of 120 months.

                Respectfully submitted,

By: _____/s/_____
    Harry Tun (Bar # 416262)
    400 Fifth Street, NW
    Suite 300
    Washington, DC  20001
    *Counsel for Michael Scott*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of August, 2007, I caused a true and correct copy of the foregoing Defendant's Memorandum in Aid of Sentencing to be delivered to:

Assigned Assistant U.S. Attorney
For District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

_____/s/_____
Harry Tun
400 Fifth Street, N.W.
Suite 300
Washington, D.C. 20001
(202) 393-2882 (tel)
(202) 783-5407 (fax)
Attorney for Michael Scott