UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 11, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. |
| v. | : | MAGISTRATE NO. 06-0349M-01 (CR) |
| | : | MAGISTRATE NO. 06-0349M-02 (CR) |
| MICHAEL LEE SCOTT, | : | |
| BENJAMIN D. FEARS, | : | VIOLATIONS: 21 U.S.C.§ 841(a)(1) |
| Defendants. | : | and § 841(b)(1)(A)(iii) |
| | : | (Unlawful Possession with Intent to Distribute |
| | : | 50 Grams or More of Cocaine Base); |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Possession With Intent to Distribute |
| | : | Heroin); |
| | : | 18 U.S.C. § 924(c)(1) |
| | : | (Using, Carrying and Possessing a Firearm |
| | : | During a Drug Trafficking Offense); |
| | : | 21 U.S.C. § 844(a) |
| | : | (Simple Possession of a Controlled Substance) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about August 2, 2006, within the District of Columbia, **MICHAEL LEE SCOTT**, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 50 grams or more.

**(Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii))**

## COUNT TWO

On or about August 2, 2006, within the District of Columbia, **MICHAEL LEE SCOTT**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

**(Unlawful Possession with Intent to Distribute Heroin**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT THREE

On or about August 2, 2006, within the District of Columbia, **MICHAEL LEE SCOTT**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is Counts One and Two of this Indictment which is incorporated herein, a firearm, that is, a Taurus .45 caliber semi-automatic pistol.

**(Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense**, in violation of Title 18, United States Code, Sections 924(c)(1))

## COUNT FOUR

On or about August 2, 2006, within the District of Columbia, **BENJAMIN D. FEARS**, did unlawfully, knowingly and intentionally possess a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance.

**(Simple Possession of a Controlled Substance**, in violation of Title 21, United States Code, Section 844(a))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.

1

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA   .   DOCKET NUMBER:  CR 06-254-01
                           .
    vs.                    .   Washington, D.C.
                           .   May 21, 2007
MICHAEL LEE SCOTT          .   10:30 A.M.
                           .
         Defendant.        .
. . . . . . . . . . . . . .


                    TRANSCRIPT OF PLEA
           BEFORE THE HONORABLE GLADYS KESSLER
             A UNITED STATES DISTRICT JUDGE


APPEARANCES:


FOR THE GOVERNMENT:     DONNELL W. TURNER, ESQUIRE
                        UNITED STATES ATTORNEY'S OFFICE
                        555 4th Street, NW
                        Room 4235
                        Washington, D.C.  20530
                        (202) 305-1419
                        (202) 514-6010 (fax)
                        Donnell.Turner2@usdoj.gov


FOR THE DEFENDANT:      HARRY TUN, ESQUIRE
                        400 5th Street, NW
                        Suite 300
                        Washington, D.C. 20001
                        (202) 383-2882
                        (202) 783-5407 (fax)
                        tunharry@aol.com
```

25

1    THE DEFENDANT: Yes.

2    THE COURT: Do you want to go to trial, Mr. Scott,
3 or do you want to enter a plea of guilty to unlawful
4 possession with intent to distribute 50 grams or more of
5 cocaine base? That would be count one. And counted three,
6 unlawful possession with intent to distribute heroin?

7    THE DEFENDANT: Yes. I will accept the plea.

8    THE COURT: All right. The court will accept the
9 plea. There is certainly a factual basis. I think that Mr.
10 Scott understands what he is doing. He seems totally alert
11 and competent, and he has asked good questions that make
12 good sense. So I think he is acting voluntarily and of his
13 own free will and that he understands the consequences of
14 what he is doing today. So the plea will be accepted.

15   And we will set dates everybody. The presentence
16 report will be due on August 6. And then counsel, if you
17 would look at your calendars please, for sentencing in mid-
18 to late August if people here, I hope.

19   What about August 15 or 16, which is a Wednesday
20 or Thursday?

21   MR. TUN: Begging the court's indulgence, Your
22 Honor. August 15 I'm starting a trial that is going to take
23 three days, and the following week I am starting another
24 trial on August 20th that will take another three days.

25   August 29th?

AO 245B   (Rev 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>MICHAEL LEE SCOTT | JUDGMENT IN A CRIMINAL CASE<br><br>**FILED**<br>Case Number:  06-254-01<br>USM Number:  28712-016     SEP 0 6 2007<br><br>Harry Tun, Esq.         NANCY MAYER WHITTINGTON, CLERK<br>Defendant's Attorney           U.S. DISTRICT COURT |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 and 3 of the Indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 841(a)(1) and (b)(1)(A)(iii) | Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base | August 8, 2007 | 1 |

The defendant is sentenced as provided in pages 2 through __11__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s) 2 and 4 of the Indictment   is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 27, 2007
Date of Imposition of Judgment

*Gladys Kessler* (signature)
Signature of Judge

Gladys Kessler,                              U.S. District Court Judge
Name of Judge                                Title of Judge

September 6, 2007
Date

(N)

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
        Sheet 1A

Judgment—Page 2 of 11

DEFENDANT: MICHAEL LEE SCOTT
CASE NUMBER: 06-254-01

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 924(c)(1) | Using, Carrying and Possessing a Firearm | August 2, 2006 | 3 |

AO 245B    (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page **3** of **11**

DEFENDANT: MICHAEL LEE SCOTT
CASE NUMBER: 06-254-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

One Hundred Twenty-One (121) months on Count 1 of the Indictment; One Hundred Twenty-One (121) months on Count 3 of the Indictment; counts to run concurrent.

☑ The court makes the following recommendations to the Bureau of Prisons:

that the defendant participate in the 500 Hour Drug Treatment Program.

that the defendant be housed at FCI Butner, NC for vocational program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 4 of 11

DEFENDANT: MICHAEL LEE SCOTT
CASE NUMBER: 06-254-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Five (5) years on Count 1 of the Indictment; Three (3) years on Count 3 of the Indictment; counts to run concurrent.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page 5 of 11

DEFENDANT: MICHAEL LEE SCOTT
CASE NUMBER: 06-254-01

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

The defendant shall commit no further violations of the law.

The defendant shall obtain employment within 45 days of release.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 11

DEFENDANT: MICHAEL LEE SCOTT
CASE NUMBER: 06-254-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

　　☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.